FILED

MAY 26 2026

BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**JOHN BRYANT**, First Lieutenant (1LT), U.S. Army (Ret.),

Plaintiff,

v.

**SOUTHEASTERN OKLAHOMA STATE UNIVERSITY (SOSU);**

**REGIONAL UNIVERSITY SYSTEM OF OKLAHOMA (RUSO) BOARD OF REGENTS;**

**OKLAHOMA OFFICE OF MANAGEMENT AND ENTERPRISE SERVICES (OMES);**

**OFFICE OF THE OKLAHOMA ATTORNEY GENERAL;**

**DR. MIKE DAVIS**, Individually and in his Official Capacity;

**DR. JAKE PRUETT**, Individually and in his Official Capacity;

**TIFFANY TATE**, Individually and in her Official Capacity.

Defendants.

Case No. CIV·26·161·GLJ

**CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, John Bryant, proceeding *Pro Se*, brings this Civil Rights Complaint against the above-named Defendants and alleges as follows:

## I. PRELIMINARY STATEMENT

**1.** The Defendants are hereby formally noticed of the evidentiary posture of the Plaintiff. I am a retired military officer with prior, documented experience navigating the administrative hostilities of Southeastern Oklahoma State University. Operating under the presumption of institutional bad faith, I meticulously recorded, archived, and preserved every substantive administrative interaction and formal hearing relevant to this complaint over a three-year period. The allegations contained herein are not based on subjective recollection; they are entirely corroborated by contemporaneous, authenticated audio recordings of University officials, alongside their own contradictory written records. The evidentiary chain of custody is absolute.

**2.** The baseline liability in this matter is not reliant on subjective witness testimony or disputed recollections; it is established by undeniable, statutory fact. During the official 2023 grievance

proceedings, the Defendant's own audio recorded Department Chair Dr. Jake Pruett explicitly confessing to manually penalizing grades and violating my approved federal accommodations. Because the perpetrator confessed to the Title II ADA violation on the University's own tapes, absolute liability is established as a matter of objective fact. Furthermore, when the University officially ratified this recorded confession by issuing a written finding that no offense occurred, the institution committed Fraudulent Concealment, establishing undeniable institutional precedent.

3. The Defendants cannot claim ignorance or lack of notice regarding the constitutional and civil rights violations outlined herein. While the University has possessed its own internal audio of these violations since the summer of 2023, the Plaintiff provided all named Defendants with a formal, pre-litigation Notice of Constitutional Deprivations on April 24, 2026. This notice included digitized, unredacted audio recordings of the internal university grievance proceedings, explicitly proving the 14th Amendment Procedural Due Process violations. The Defendants officially refused to cure the deprivations. Their bad faith is fully documented.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) as the Plaintiff's claims arise under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.) and the 14th Amendment to the United States Constitution, enforceable via 42 U.S.C. § 1983.

5. Venue is proper in the Eastern District of Oklahoma under 28 U.S.C. § 1391(b) because the Defendants reside in this district and a substantial part of the events giving rise to the claims occurred at Southeastern Oklahoma State University, located within this district.

## III. THE PARTIES

6. Plaintiff John Bryant is a resident of Durant, Oklahoma. He is a retired First Lieutenant (1LT) of the United States Army and a 100% permanent and total service-connected disabled veteran, diagnosed with Myalgic Encephalomyelitis/Chronic Fatigue Syndrome (ME/CFS).

7. Defendant Southeastern Oklahoma State University (SOSU) is a public university funded by the State of Oklahoma and is subject to the requirements of Title II of the ADA.

8. Defendant RUSO Board of Regents is the governing body over SOSU.

9. Defendant OMES is the risk management and financial authority for state agencies.

10. Defendants Dr. Mike Davis (Vice President/Compliance Officer and licensed attorney), Dr. Jake Pruett (Department Chair), and Tiffany Tate (Disability Services) are or were employed by SOSU and are sued in their individual and official capacities for constitutional and statutory violations.

## IV. FACTUAL ALLEGATIONS

**11.** Plaintiff enrolled at SOSU and was approved for Title II ADA accommodations due to severe ME/CFS, a condition that severely limits physiological energy and requires modifications to standard attendance and submission deadlines to prevent physical collapse.

**12.** Defendant Tiffany Tate failed her statutory duty to conduct the federally mandated individualized assessment to properly implement these accommodations. Despite Plaintiff's lawful verbal notification of disability-related absences—a method confirmed as fully compliant by Defendant Davis on recorded audio—Defendant Pruett deliberately ignored the accommodations, confessed on audio to manually entering zeros for late work, and substituted arbitrary personal syllabus policies over federal law.

**13.** In early 2023, Plaintiff filed a formal grievance regarding these violations. Defendant Davis, a licensed attorney and the University Compliance Officer, assumed the role of Hearing Officer, creating an immediate conflict of interest due to his prior, personal involvement in the dispute and his preexisting fiduciary relationship as the Plaintiff's trusted academic advisor since February 2020.

**14.** Prior to the official start of the May 23, 2023, grievance hearing, the Plaintiff was present and recorded Defendant Davis conducting an off-the-record briefing with the panel. Defendant Davis explicitly instructed the panel that there were no respondents subject to discipline, effectively neutralizing the adjudicatory standards and rigging the outcome of the hearing. Because Davis was a licensed attorney and the Plaintiff's long-term advisor, this off-the-record manipulation constituted a severe breach of fiduciary trust and an intentional deprivation of constitutional due process.

**15.** During the grievance process, Defendant Davis was recorded explicitly reading aloud from the Plaintiff's confidential Department of Veterans Affairs medical records—specifically noting obscure medical terms such as "arthralgia."

**16.** Subsequently, Defendant Davis signed and issued an official investigative report declaring those identical VA medical records "missing" and "unsubstantiated," constituting active spoliation of evidence and fraudulent concealment.

**17.** On August 22, 2023, the University issued a written finding officially concluding that no accommodation violation occurred, directly contradicting the recorded audio of Pruett's confession.

**18.** The applicable statutes of limitations for all claims herein are subject to Equitable Tolling due to severe medical incapacitation. Over the preceding three-year period of unaccommodated coursework, culminating in Defendant Davis maliciously violating established administrative hearing procedures to issue a unilateral finding, the Plaintiff was pushed beyond his physiological limits. During the June 2023 hearings, the Plaintiff suffered a catastrophic ME/CFS physical and cognitive collapse—captured in real-time on the University's own audio recording. This Defendant-caused physical destruction medically incapacitated the Plaintiff,

causing severe cognitive dysfunction and strictly prohibiting the physiological exertion required to initiate complex federal litigation for any of the enclosed claims until this time.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

*(Against SOSU and Official Capacity Defendants)*

**19.** Plaintiff incorporates all preceding paragraphs. The Defendants failed to provide reasonable accommodations, ignored federal medical documentation, and subjected Plaintiff to discriminatory grading practices solely based on his disability, resulting in severe physical injury.

### COUNT II: DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983) - 14th AMENDMENT AND STATUTORY RIGHTS

*(Against Dr. Mike Davis, Dr. Jake Pruett, Tiffany Tate, and SOSU)*

**20.** Plaintiff incorporates all preceding paragraphs. Defendants Davis, Pruett, and Tate, acting under color of state law, deprived the Plaintiff of federally protected rights. Tate deliberately failed her federal statutory duty to conduct an individualized assessment, Pruett enforced unconstitutional and discriminatory grading penalties, and Davis deprived the Plaintiff of a fair and impartial administrative hearing by secretly tampering with the grievance panel.

### COUNT III: FRAUDULENT CONCEALMENT AND SPOLIATION OF EVIDENCE

*(Against Dr. Mike Davis and SOSU)*

**21.** Plaintiff incorporates all preceding paragraphs. The Defendants actively concealed corroborating audio evidence, falsified official university findings, and destroyed or hid federal medical records to cover up their civil rights violations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

**A.** Enter an Order of Summary Judgment holding the Defendants strictly liable for the violations of Title II of the ADA and the 14th Amendment.

**B.** Award full compensatory damages exclusively for permanent physical bodily injury and physical sickness, consistent with 26 U.S.C. § 104(a)(2), as determined by a jury.

**C.** Issue an Adverse Inference Jury Instruction regarding the spoliated medical records.

**D.** Grant equitable and injunctive relief ordering the immediate, unconditional conferral of the Plaintiff's degree to remedy the discriminatory academic interference.

**E.** Award reasonable attorney's fees, litigation costs, and expert expenses pursuant to 42 U.S.C. § 12205 and 42 U.S.C. § 1988.

**F.** Award any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of May, 2026.

**John Bryant**

First Lieutenant (1LT), U.S. Army (Retired)

Pro Se Plaintiff

1223 Waco Street

Durant, OK 74701

bryantvssosu@gmail.com

580.775.8706